T.C. Summary Opinion 2003-17

UNITED STATES TAX COURT

STEPHEN P. PACILEO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10141-01S.              Filed March 3, 2003.

<u>Hak K. Dickenson</u> and Gregory Dickenson (specially recognized), for petitioner.

<u>David B. Mora</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,459 in petitioner's 1998 Federal income tax and a section 6662(a) penalty of $691.80. The issues for decision are: (1) Whether petitioner is entitled to a theft loss deduction; (2) whether petitioner is entitled to any deductions claimed on a Schedule C, Profit or Loss From Business, included with his 1998 Federal income tax return; and (3) whether the underpayment of tax required to be shown on petitioner's 1998 Federal income tax return is due to negligence.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed petitioner resided in Pasadena, Texas.

Petitioner is a certified welder. As such, he has been certified by various professional organizations as qualified to perform and supervise certain types of welds and welding procedures. During 1998 he was employed by and worked 50 to 60 hours per week for Union Tank Car Company (Union).

Prior to the year in issue, petitioner obtained a U.S. patent (the patent) on a device used in certain welding operations. Over the years, petitioner attempted (apparently unsuccessfully), through various business relationships, to generate income from the patent. As of the beginning of 1998, however, it is unclear whether petitioner held any rights in the patent.

Petitioner married Dawn Denise Stephens (Ms. Stephens) some time prior to the year in issue. They separated in January 1998 when petitioner moved from the house in Texas where he and Ms. Stephens were living at the time. As petitioner describes the event, he left with only the clothes he was wearing and his young daughter. Divorce proceedings were instituted by petitioner during 1998. In connection with the divorce proceedings, petitioner was deposed on September 18, 1998 (the deposition). Petitioner and Ms. Stephens were divorced on October 29, 1998.

Petitioner filed a timely 1998 Federal income tax return. He included a Schedule A, Itemized Deductions, and a Schedule C, Profit or Loss From Business, with that return. On the Schedule A he claimed, among other things, a $17,373 theft loss deduction. On the Schedule C, petitioner identified his business as "MFG Heat Equipment" and reported a net loss of $9,783.

The examination of petitioner's 1998 return began after July 22, 1998. In the notice of deficiency that resulted from that examination, respondent disallowed the theft loss deduction and most of the deductions claimed on the Schedule C. Respondent also determined that the underpayment of tax required to be shown on petitioner's 1998 return is due to negligence. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

The examination of petitioner's 1998 Federal income tax return began after July 22, 1998. That being so, petitioner argues that respondent bears the burden of proof in this case. See sec. 7491. Respondent disagrees and argues that petitioner bears the burden of proof because petitioner failed to introduce credible evidence with respect to any factual issue relevant to ascertaining his 1998 Federal income tax liability and further failed to comply with the substantiation and record-keeping requirements of the Internal Revenue Code. See sec. 7491(a)(2)(A) and (B). As we view the matter, the outcome of this case would be the same regardless of where the burden of proof lies. Further discussion on the point is, therefore, unnecessary.

Theft Loss Deduction

Subject to certain limitations, an individual is entitled to a deduction for a theft loss sustained during the taxable year and not compensated for by insurance or otherwise. See sec. 165(a), (c), (h). Generally, if otherwise deductible, a theft loss is deductible for the year in which the taxpayer discovers such loss. See sec. 165(e); Marine v. Commissioner, 92 T.C. 958, 976 (1989), affd. without published opinion 921 F.2d 280 (9th Cir. 1991). A theft loss deduction must be supported by evidence

that a theft, as defined by local law, occurred.  See Viehweg v.
Commissioner, 90 T.C. 1248, 1253 (1988); Luman v. Commissioner,
79 T.C. 846, 860 (1982).  A loss attributable to a mysterious
disappearance of property does not qualify for deduction as a
theft loss.  See Jacobson v. Commissioner, 73 T.C. 610, 613
(1979).

Petitioner claimed a theft loss deduction for property left
behind when he separated from Ms. Stephens in January 1998.  At
trial, petitioner's explanation of the circumstances surrounding
the loss of this property suggest, at best, that the property
mysteriously disappeared.[1]  Furthermore, his testimony at trial
was in sharp contrast to his testimony at the deposition, where
he testified that Ms. Stephens sold the property.  Nothing in the
record suggests a theft has occurred under Texas law.  See Tex.
Penal Code Ann. sec. 31.03 (Vernon 2002); Tex. Fam. Code Ann.
secs. 3.001-3.003 (Vernon Supp. 2002).  Therefore, petitioner is
not entitled to the theft loss deduction here in dispute.
Respondent's determination disallowing the theft loss deduction
claimed on petitioner's 1998 Federal income tax return is
sustained.

---

[1] With respect to the items allegedly stolen, petitioner
testified at trial: "I don't know what happened to them.  I know
I don't have them."

Deductions Claimed on the Schedule C

In general, a taxpayer is entitled to a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. See sec. 162(a). Needless to say, to be entitled to a deduction for trade or business expenses, the taxpayer must actually be carrying on some trade or business.

Petitioner's 1998 return includes a Schedule C for a business identified as "MFG Heat Equipment". At trial, petitioner's description of the business activity identified on the Schedule C was vague. At times, his testimony related to activities that took place years before and involved the patent. At other times, he described an activity that he and his father operated out of petitioner's garage. According to petitioner, the business consisted of acquiring used "heater pads", refurbishing them, and reselling them. Once again, petitioner's trial testimony is contradicted by the testimony he gave at the deposition.

During the deposition petitioner made it clear that he assigned or otherwise lost any ownership rights to the patent prior to 1998. He was also asked about his employment during 1998, including his employment with Union and any other businesses he might have been involved with or conducting. The following exchange occurred:

Q. Do you have any businesses that you currently
own or operate?

A. No.

Q. Okay. Are you still conducting any kind of a business
of any sort out of the garage?

A. No.

Q. When did that cease?

A. Never started.

Q. Never did any work out of your garage?

A. No.

Q. Never sold anything out of your garage?

A. No.

Q. Never fabricated anything out of your garage?

A. No.

The fact that petitioner was specifically questioned about a business activity conducted in his garage might suggest that something was taking place there. Nevertheless, we are more persuaded by petitioner's denials made during the deposition than we are by his more recent, self-serving testimony to the contrary at trial. Because we find that during 1998 petitioner was not engaged in a trade or business other than as an employee of Union, we hold that he is not entitled to the Schedule C deductions here in dispute. Respondent's determination in this regard is sustained.

Section 6662(a) Penalty

Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of the underpayment of tax required to be shown on a taxpayer's return if the underpayment is due to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). It is further defined as the failure to do what a reasonable person with ordinary prudence would do under the same or similar circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Petitioner claimed a theft loss deduction for property not stolen. He claimed business expense deductions for a business not in existence during 1998. That petitioner made such claims is evidence that he failed to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. We therefore find that the underpayment of tax required to be shown on petitioner's 1998 Federal income tax return is due to negligence. Consequently, respondent's imposition of the negligence penalty is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be

entered for respondent.